Maurice **ROSENFIELD** et al., Plaintiffs,

v.

**INTEGRATED CONTAINER SERVICE
INDUSTRIES CORPORATION**
et al., Defendants.

No. 70 Civ. 998.

United States District Court,
S. D. New York.

June 29, 1970.

Eaton, Van Winkle & Greenspoon,
New York City, for plaintiffs; Samuel
N. Greenspoon, New York City, of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendants In-

tegrated Container Service Industries Corporation, Michael C. Kluge, Peer Pedersen, Carl F. Barger and S. Sidney Kahn; Peter H. Kaminer and Stephen A. Weiner, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendants Lehman Brothers, Kuhn, Loeb & Co. and Railway Express Agency, Inc.; Joel B. Harris, New York City, of counsel.

METZNER, District Judge.

Plaintiffs move for a determination that this suit may properly be maintained as a class action under Fed.R. Civ.P. 23(b) (3).

Defendant Integrated Container Service Industries Corp. (Integrated) is in the business of leasing marine cargo containers to shippers. In connection with a public offering of its stock, it filed a registration statement containing a prospectus which became effective on March 6, 1969. The complaint alleges that the prospectus was materially misleading in several respects, for which plaintiffs seek to recover damages. The three plaintiffs bought Integrated shares costing $323,750 at various times between March 6 and June 3 of 1969. The defendants are Integrated, four of its directors, the two principal underwriters of the public offering, and Railway Express Agency, Inc., a major stockholder of Integrated.

The first claim for relief is based on § 11 of the Securities Act of 1933, 15 U. S.C. § 77k, for the alleged misrepresentations in the prospectus. It is brought on behalf of all members of the class who bought shares subject to the registration statement dated March 6, 1969 at any time prior to the filing of this complaint on December 31, 1969. The second claim for relief, brought under §§ 12(2) and 17(a) of the 1933 Act, 15 U. S.C. §§ 77l(2) and 77q(a), § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, alleges that the misrepresentations were part of a larger scheme to manipulate the stock of Integrated. It is brought on behalf of all who bought Integrated stock between December 31, 1968 and December 31, 1969, whether or not the stock they bought was subject to the March 6 registration statement.

Defendants do not dispute that this case meets all of the prerequisites set forth in Rule 23(a) for a class action, or that common questions predominate as required by Rule 23(b) (3). They took the same position in a parallel case based on the March 6 prospectus and making very similar claims to the first claim in this case. That action was determined to be maintainable as a class action by Judge McLean. Weinberger v. Integrated Container Serv. Indus. Corp., 69 Civ. 2284 (S.D.N.Y. Feb. 26, 1970).

Defendants insist that because the *Weinberger* action has already been given class action status the plaintiffs' motion should be denied. Rule 23(b) (3) requires that "a class action [be] superior to other available methods for the fair and efficient adjudication of the controversy." Among the factors to be considered in making this determination is "the extent and nature of any litigation concerning the controversy already commenced by * * * members of the class." Rule 23(b) (3) (B).

I cannot accept defendants' argument on the particular facts of this case. For a number of reasons the *Rosenfield* action should be allowed to proceed as a class action.

The plaintiffs in the *Rosenfield* case have alleged a number of misrepresentations in their complaint that are not relied on by Weinberger. The class should have the benefit of all alleged misrepresentations.

The *Weinberger* classes have been defined as purchasers of the stock during the period March 6, 1969 through May 10, 1969. The *Rosenfield* class will cover purchasers starting at least on March 6, 1969 and continuing through Decem-

ber 31, 1969, the date of filing of the *Rosenfield* complaint. The measure of damages under § 11(e) of the 1933 Act is substantially more favorable to the class in *Rosenfield* than in *Weinberger*. Under this section a shareholder who has not sold his stock when suit is commenced can recover a maximum of the difference between the price he paid for the stock or the offering price, whichever is lower, and its value when suit was commenced. Integrated stock was selling at $33 per share on May 27, 1969, when the *Weinberger* complaint was filed, and at about $15 per share on December 31, 1969, when this action was begun.

The defendants contend that persons who purchased after May 10, 1969 are not entitled to relief because on that day Integrated issued a report for its first quarter which it claims cured any defects in the prospectus. This defense may be established at trial, but at this stage of the litigation it cannot preclude the persons who bought after May 10 from some adjudication, favorable or unfavorable, of their rights as a class.

Without reflecting on the adequacy of representation in the *Weinberger* case, I should point out that the three plaintiffs here paid $323,750 for their stock, while Weinberger paid only $960 for his shares.

On the facts of this case it appears to be the soundest course to permit this action to be maintained as a class action under Rule 23(b) (3).

■ Next, the exact makeup of the classes must be determined. Plaintiffs purport to bring their first claim, based on § 11 of the 1933 Act, in behalf of all who bought shares subject to the March 6 registration statement at any time during 1969. Defendants claim that purchasers after the May 10 quarterly report appeared cannot recover and should be excluded from the class. This argument has been rejected above. On the basis of the record before me, the plaintiffs' characterization of this class is proper. See Berland v. Mack, 48 F. R.D. 121, 126 (S.D.N.Y.1969).

■ The second claim of plaintiffs is based on the antifraud provisions of both the 1933 and 1934 Acts. It is brought on behalf of all those who purchased during 1969 any shares of Integrated whether or not subject to the registration statement. The claim is that the defendants manipulated the market in Integrated stock throughout 1969. However, plaintiffs purchased their stock after the effective date of the prospectus. The requirement that common questions of fact predominate is not met if the class is to include purchasers prior to March 6, 1969. Therefore, this class must be limited to persons who purchased shares after March 6.

The problem remains that there are presently pending in this district two class actions brought against the same defendants and based on claimed defects in the same prospectus. This places on defendants the burden of double discovery, double preparation and duplicate trials.

In the *Weinberger* case Judge McLean has ordered that it be deemed a class action and has provided for notice to the designated classes and for the payment of expenses in connection with giving notice. The proceedings pursuant to those orders were stayed pending a determination of this motion. At the same time the court denied, without prejudice to renewal, Rosenfield's motion to consolidate pending the determination of this motion.

The determination of this motion still leaves unresolved obvious procedural difficulties. Consolidation would appear to be in order so as to relieve defendants of undue hardship and the court of duplication of effort. However, the *Rosenfield* plaintiffs, who originally moved for consolidation, indicated on this motion that they no longer desire that relief. De-

fendants still desire consolidation. Weinberger, who opposed the original motion for consolidation, was not before this court on this motion. Consequently, opportunity must be afforded either party to request this relief if so advised. If consolidation is granted, then the provisions for notice in *Weinberger* will have to be modified.

It is therefore ordered that (1) the instant motion is granted to the extent indicated above, (2) Judge McLean's orders are stayed pending determination of a motion for consolidation, which motion shall be made on or before August 5, 1970, (3) such motion shall request an amendment of Judge McLean's orders regarding notice if the consolidation motion is granted, and (4) if a motion for consolidation is not made within the time designated, then the parties may apply at the foot of this order for the necessary directions regarding notice in this action.